GUARANTEE TRUST COMPANY, complainant-respondent,

*v.*

FITZGERALD HOTEL AND DEVELOPMENT CORPORATION et al., defendant-appellant.

[Decided February 19th, 1925.]

1. Judicial sales made without irregularity or fraud, and which have not been affected by accident or mistake, will not be set aside for mere inadequacy of price.

2. Only such mistakes as have been producing causes of the sacrifice of the property sold will justify the setting aside of judicial sales for inadequacy of price.

---

On appeal from chancery.

*Mr. John C. Reed,* for the appellants.

*Mr. Elwood C. Weeks* and *Mr. William I. Garrison,* for the respondent.

277

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This is an appeal from an order confirming a foreclosure sale. The complainant, the Guarantee Trust Company, filed its bill to foreclose a mortgage for $40,000, given to it by the Fitzgerald Hotel and Development Corporation in part payment of the purchase price for the property. In due course a decree of foreclosure was entered in the cause; a writ of *fieri facias* was issued thereon to the sheriff of Atlantic county, who duly advertised the property for sale, and, at the time and place designated in the advertisement, put the property up at public auction and struck it off to the Louis Satanov Real Estate and Mortgage Corporation for the sum of $54,025, that being the highest bid received for the same. The property was sold subject to a prior mortgage of $5,000, with accrued interest and taxes for the year 1923, and also for a portion of the year 1924, the total amount of these liens being $7,359. The sale having been duly reported by the sheriff to the chancellor, its confirmation was opposed by the defendants and by the receiver of the hotel and development corporation (who was appointed during the pendency of the foreclosure suit) upon two grounds—(1) that the sale was brought about through a mistake on the part of the officers and stockholders of the hotel and development corporation in believing that the effect of the order appointing the receiver and restraining them from further carrying on the business of the corporation prohibited them from thereafter taking any action to protect the interests of the corporation, and (2) because the price brought at the foreclosure sale was inadequate, this being shown by the fact that, since such sale, the receiver had been offered by a responsible party the sum of $72,000 for the mortgaged premises. Notwithstanding the opposition of the defendants and of the receiver, the court of chancery confirmed the sale, and from the order of confirmation the present appeal is taken.

The grounds upon which we are asked to reverse the order confirming the sale are the same as those which were

advanced by the present appellants in opposing the confirmation. The contention that the sale was brought about through a mistake on the part of the officers and stockholders of the hotel and development corporation as to the effect of the restraining order in the suit for the appointment of a receiver appears to us to be without merit. The appellants very frankly admit that the entire corporate assets at the time of the sale consisted of the real estate under foreclosure and some $3,500 of rents due from tenants who were in occupation of the premises. There is no suggestion on their part that, if it had not been for the mistake referred to, the officers or stockholders of the corporation could have taken any steps that would have been effective in preventing the sale, or that would have resulted in the procuring of bids in excess of that at which the property was struck off by the sheriff. Only those mistakes that have been producing causes of the sacrifice of the property sold will justify the setting aside of judicial sales for inadequacy of price. *Eberhart* v. *Gilchrist, 11 N. J. Eq. 167; Kloepping* v. *Stellmacher, 21 N. J. Eq. 328.*

The other ground upon which the respondents base their opposition to the confirmation of the sale (viz., that the price brought thereat was inadequate) is equally untenable. It has long been the settled doctrine and practice of the courts of this state that judicial sales, made without irregularity or fraud, and which have not been affected by accident or mistake, will not be set aside for mere inadequacy of price, and the reason is thus stated by Mr. Justice Magie in delivering the opinion of this court in *Morrisee* v. *Inglis, 46 N. J. Eq. 306, 309:* "This well-known practice is in accord with the policy of our law respecting such sales, which are required to be made, after advertisement sufficient to give publicity, by public outcry to the highest bidder. It is of the greatest importance to encourage bidding by giving to every bidder the benefit of bids made in good faith and without collusion or misconduct, and, at least, when the price offered is not unconscionably below the value of the property. Nothing would more evidently tend to discourage and prevent bid-

ding than a judicial determination that such a bidder may be deprived of the advantage of his accepted bid, whenever any person is willing to give a larger price. The interest of owners in particular cases must give way to the maintenance of a practice, which, in general, is in the highest degree beneficial." The cases of *Hoffman* v. *Godfrey, 79 N. J. Eq. 617,* and *Hurley* v. *Pollash, 93 N. J. Eq. 167,* are subsequent decisions of this court in which this principle has been enforced, although the difference of percentage between the price at which the property was struck off, and the price subsequently offered therefor by a responsible party, was much greater than that which exists in the present case. Other cases in which the court has refused to set aside a judicial sale for inadequacy of price, notwithstanding the fact that the percentage of difference was greater than that which exists in the case now under consideration, are referred to in the opinion delivered in *Rogers* v. *Rogers Locomotive Co., 62 N. J. Eq. 118.*

For the reasons stated the order confirming the sale will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, JJ. 13.

*For reversal*—None.