This is an appeal from a decree of the chancellor confirming a sale under proceedings to foreclose a mortgage.
The facts briefly are that the defendant-appellant Savemore Realty Company and one Hyman Horwitz, individually, executed *Page 479 
and delivered to the Lincoln Mortgage and Title Guarantee Company a bond for the sum of $40,500 secured by a mortgage on property in Union City, New Jersey. This mortgage by mesne assignments was transferred to the New Jersey National Bank and Trust Company of Newark, the complainant-respondent.
The Savemore Realty Company conveyed said premises, subject to the mortgage of $40,500 to one Julius Venik, who in turn conveyed the same to Solomon Jacobowitz, one of the defendants in the foreclosure suit.
There was a default in payment and the complainant-respondent instituted foreclosure proceedings, making the defendant-appellant a party defendant.
The sheriff of Hudson county sold under a writ of fierifacias for the sum of $500, the mortgaged premises to Unity Corporation, which attorneys for both parties to this litigation in their briefs assume and treat as a subsidiary of the respondent, although there is not a scintilla of evidence to that effect (aside from the briefs of counsel) in the case.
The vice-chancellor in his conclusions alluded to the fact, saying:
"It is urged that said purchaser is a subsidiary of the complainant — no attempt has been made to establish such to be the fact — but for the purpose of the matter sub judice, I will assume such to be the fact."
It would seem, therefore, as if this court would be justified in assuming that the Unity Corporation is a subsidiary of the respondent and that it was acting in behalf of respondent when it purchased the property at the sheriff's sale for the sum of $500.
The appellant was not represented at said sheriff's sale, although it is claimed that arrangements had been made by it with its president, Hyman Horwitz, to attend the same. He was prevented from attending the sale promptly by reason of the fact that he was obliged to wait between fifteen and twenty minutes for a trolley car at the Washington street station, Hoboken, to convey him to the court house in Jersey City, where the sale was advertised to be held at two o'clock *Page 480 
P.M., and that by reason of this delay he did not reach the court house until two-five or two-ten P.M.
The property had already been exposed for sale, and cried off to the Unity Corporation, and although Mr. Horwitz requested the sheriff to resell the same, the sheriff refused to do so.
The appellant promptly filed objections to the confirmation of the report of sale on the ground that the price obtained at said sale was insufficient.
The court of chancery, however, by order dated April 7th, 1930, dismissed the objections and ordered that the sale be confirmed.
The appellant thereupon presented to the court of chancery a petition to which were annexed affidavits setting forth, among other things, that the delay of the trolley had prevented Horwitz from attending and bidding at the sale, that the property was worth from $40,000 to $42,000, and that in case of a resale, the appellant and Horwitz were willing to bid for the property at least the sum of $25,000, and that a purchase price of $500 for the same was grossly inadequate and entirely disproportionate to the actual value of the property, and petitioner asked that the order of April 7th, 1930, confirming said sale be reopened and vacated and the premises resold.
On April 15th, 1930, an order was made by the chancellor, ratifying the order of April 7th, 1930, confirming said sale to Unity Corporation for $500.
It is from these two orders that this appeal is taken.
Our courts have held in a long line of decisions that mere inadequacy of price at a judicial sale is not of itself sufficient cause to avoid the sale, unless so gross as to be proof of fraud, or to shock the judgment and conscience.
In Guarantee Trust Co. v. Fitzgerald Hotel and DevelopmentCorp., 97 N.J. Eq. 277, Chief Justice Gummere, speaking for this court, says:
"That it has long been the settled doctrine and practice of this state, that judicial sales made without irregularity or fraud, and which had not been affected by accident or mistake, *Page 481 
will not be set aside for mere inadequacy of price, and the reason is thus stated by Mr. Justice Magie in delivering the opinion of this court in Morrisse v. Inglis, 46 N.J. Eq. 306,309: `This well-known practice is in accord with the policy of our law respecting such sales, which are required to be made, after advertisement sufficient to give publicity, by public outcry to the highest bidder. It is of the greatest importance to encourage bidding by giving to every bidder the benefit of bids made in good faith and without collusion or misconduct, and, at least, when the price offered is not unconscionably below the value of the property. Nothing would more evidently tend to discourage and prevent bidding than a judicial determination that such a bidder may be deprived of the advantage of his accepted bid, whenever any person is willing to give a larger price. The interest of owners in particular cases must give way to the maintenance of a practice, which, in general, is in the highest degree beneficial.'"
This is good law to-day.
The question confronting this court in the instant case is — Is the price of $500 offered for a property clear of all encumbrances worth between $40,000 and $42,000 not unconscionably below the value of the property?
We think it is, but assuming, without admitting, that a sale of property worth between $40,000 and $42,000 to a subsidiary of the mortgagee, holding a decree for about $41,000, for the sum of $500 is not so grossly inadequate in price as to be proof of fraud or to shock the judgment and conscience to such an extent as to justify setting aside the sale, nevertheless we are of the opinion that such a state of facts, coupled with proof that but for a delay in the means of transportation there would have been present at the sale a purchaser willing to bid at least $25,000 for the property, are sufficient reasons for ordering, under conditions hereinafter named, a resale of the mortgaged premises, particularly where the appellant and Hyman Horwitz, both of whom are liable on the bond in case of a deficiency have certified a willingness in the event of a resale to bid for the property at least the sum of $25,000. *Page 482 
In the absence of gross laches or culpable negligence on the part of the appellant, which does not here appear, the inadequacy of the consideration is so great as to shock the conscience and to give the appellant, as against the purchaser, a clear standing in a court of equity to be relieved on equitable terms, against the confirmation of the sale by the terms of which, if the sale stands, respondent will have for $500 a property valued from $40,000 to $42,000, and in addition, a claim on the bond of appellant and Hyman Horwitz for a deficiency of over $36,000.
In view of these circumstances, our order is that the decree of the chancellor, confirming the sale, be affirmed, unless within fifteen days after the remission of this record to the court of chancery, a prospective purchaser deposit with the clerk of the court of chancery the sum of $25,000 in cash, or enter into bond with security satisfactory to the chancellor that in the event of a resale, the sum of at least $25,000 will be bid for the mortgaged premises, in which case a resale of the premises shall be directed by the chancellor.
This order is made without costs.
For affirmance — PARKER, CAMPBELL, BODINE, VAN BUSKIRK, HETFIELD, JJ. 5.
For modification. — THE CHIEF-JUSTICE, TRENCHARD, LLOYD, CASE, DALY, DONGES, KAYS, DEAR, WELLS, JJ. 9. *Page 483