**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5945-17T2

PHH MORTGAGE CORPORATION,

    Plaintiff-Respondent,

v.

ERIC MOORE,

    Defendant-Appellant,

and

MRS. ERIC MOORE, his wife,

    Defendant.

_____

Submitted July 9, 2019 – Decided September 23, 2019

Before Judges Nugent and Accurso.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-001008-13.

Eric Moore, appellant pro se.

Ballard Spahr, LLP, attorneys for respondent (Daniel JT McKenna and William Patrick Reiley, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Eric Moore appeals from a July 13, 2018 order denying his motion objecting to the sheriff's sale. Finding no error, we affirm.

We set forth the facts and procedural history in Moore's prior appeal of an order denying his motion to vacate final judgment, which we affirmed, PHH Mortg. Corp. v. Moore, No. A-4105-14 (App. Div. Sept. 8, 2017) (slip op. at 1-2), and need not repeat them here. We note only that Moore borrowed $173,000 in 2003, secured by a non-purchase money mortgage, and failed to make any payments after June 1, 2012. The property was sold at sheriff's sale on March 27, 2018 to the highest bidder, 21-23 Essex, LLC, for $179,000. Moore filed a timely motion objecting to the sale, alleging unspecified irregularities in its conduct, and that the property was sold for a grossly inadequate price.

In a clear and comprehensive statement of reasons, Judge Koprowski rejected Moore's claims. The judge noted "[a] sale conducted without irregularities will not be overturned due to an inadequate sales price," citing

Guarantee Trust Co. v. Fitzgerald Hotel & Development Corp., 97 N.J. Eq. 277, 279 (E&A 1925). Judge Koprowski found the $179,000 sales price "was the result of competitive bidding" and could not "be said to be unconscionable," particularly in light of Moore's failure to offer an "appraisal or evaluation of the market value of the property." The judge found Moore produced no evidence supporting his "bald allegations" of impropriety. The judge concluded Moore's motion to set aside the sale was "meritless and [did] not establish any basis to vacate the sheriff's sale. There was no fraud, irregularity or impropriety in the sheriff's sale and defendant has not submitted any evidence to show that the purchase price was unconscionably low."

Moore reprises the same arguments on appeal, claiming there was "no admissible evidence [to] prove the sale was authorized by the statute and was conducted by [the] sheriff . . . when the docket record evidence showed that the sale was not proper, as [a] matter of law." We reject those arguments as without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm substantially for the reasons expressed by Judge Koprowski in his clear and comprehensive statement of reasons accompanying the July 13, 2018 order denying Moore's motion to vacate the sale.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5945-17T2